

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RENATO GABALDON MUELA, | § | |
| Petitioner, | § | |
| v. | § | 2:08-CV-0168 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas pursuant to a 1998 conviction for the offense of aggravated robbery out of Potter County, Texas, and the resultant 18-year sentence. Based on petitioner's habeas application, it appears petitioner was found guilty of violating prison disciplinary rules in various disciplinary proceedings conducted in 2005 and 2006.

## I.
## PETITIONER'S ALLEGATIONS

Petitioner appears to argue:

1. Prison officials committed perjury and made false statements in the disciplinary proceedings;

2. Prison officials violated state law, TDCJ-CID Rule and Regulations, and TDCJ-CID Administrative Directives in relation to petitioner's

disciplinary proceedings;

3. Prison officials lost or deliberately damaged petitioner's property and lied to conceal such actions; and

4. Respondent failed to protect petitioner from assault by other inmates.

Petitioner requests monetary damages, and that his disciplinary cases be set aside and his custody status be restored.

II.
DISCIPLINARY PROCEEDINGS

By his first and second grounds, petitioner challenges prison disciplinary proceedings presumably conducted in 2005 to 2006, and which presumably, based on petitioner's habeas application, resulted in the loss of previously earned good time credits. The disciplinary proceedings took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated in the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to a January 9, 1998[1] conviction for the felony offense of aggravated robbery out of Potter County, Texas, and the resulting 18-year sentence. In his habeas application, petitioner acknowledges his conviction contained a deadly weapon finding and that he is not eligible for mandatory supervised release. While petitioner may have lost good time in his disciplinary proceeding, petitioner is not eligible

---

[1]TDCJ-CID online records reflect petitioner's sentence date in Case No. 980D05372 was February 5, 2004 rather than September 23, 2005.

for mandatory supervised release due to his conviction for aggravated robbery. *See* Tex. Gov't Code § 508.149(a)(12).

### III.
### 28 U.S.C. § 2254 v. 42 U.S.C. § 1983

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995) (quoting *Cook*, 37 F.3d at 168). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499.

In this case, petitioner challenges not only his disciplinary proceedings, but also attacks his conditions of confinement. Conditions of confinement claims are properly raised under section 1983. Petitioner's third and fourth grounds are civil rights claims which should have been brought under 42 U.S.C. § 1983. Such allegations challenge an aspect of petitioner's confinement and petitioner seeks monetary relief for the perceived violations. By these claims, petitioner does not challenge the fact or duration of his confinement, nor does he seek a finding by this Court that would entitle him to a speedier release from prison. Petitioner's claims are not cognizable in this federal habeas corpus action. Petitioner's claims should have been presented

as a civil rights complaint under 42 U.S.C. §1983.

This Court declines to redesignate petitioner's claims as grounds in a civil rights complaint as doing so would obligate petitioner to pay the $350.00 filing fee. Petitioner is the one who must decide if he wishes to pursue this claim in a separate civil rights lawsuit, which requires submission of a complaint on the 42 U.S.C. § 1983 form as well as the payment of the filing fee either in full or in installments pursuant to the PLRA. As petitioner's claims are not cognizable in a federal habeas corpus action, petitioner's claims should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RENATO GABALDON MUELA be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of October 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).